UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| THERESA HANEY, | ) ) ) |
| Appellant, | ) ) Civil No. 12-08-ART |
| v. | ) ) ) |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | ) **MEMORANDUM OPINION** ) **& ORDER** ) ) |
| Appellee. | ) ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

"Ignoring deadlines is the surest way to lose a case." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994). And parties like appellant Theresa Haney "who decide that they will play by rules of their own invention will find that the game cannot be won." *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 663 (7th Cir. 1994). Haney appeals the Bankruptcy Court's dismissal of her claims and subsequent denial of her motions to reconsider and to amend her complaint. But the Bankruptcy Court properly denied these latter two motions as untimely. And because her motion to reconsider was untimely, her appeal from the order dismissing her claims is also untimely, thus eliminating the Court's jurisdiction over that appeal. The Court therefore affirms the Bankruptcy Court's denial of her motions to reconsider and to amend her complaint. In addition, Haney's appeal on the merits of her claims must be dismissed for lack of jurisdiction.

**BACKGROUND**

In September 1997, Theresa Haney voluntarily filed for bankruptcy in the United

States Bankruptcy Court for the Eastern District of Kentucky. *In re Haney*, No. 97-70937-TNW (Bankr. E.D. Ky. Sept. 8, 1997), R. 1. She sought a Chapter 13 bankruptcy, which enables individuals with a stable income to develop a plan to repay some or all of their debts. *See* 1 William L. Norton Jr., Bankruptcy Law & Practice § 3:16 (3d ed. 2012). She listed the Kentucky Higher Education Assistance Authority as a creditor with an unsecured claim against her, and indeed, as her only creditor. *Haney v. Educational Credit Mgmt. Corp. (In re Haney)*, No. 11-07024-TNW (Bankr. E.D. Ky. Nov. 30, 2011), R. 15 at 1 [hereinafter *Adversary Proceeding*]. Haney immediately proposed a plan for repaying her debts. *Id.* This proposed plan would allow her to pay unsecured creditors "to the greatest extent possible" over a period of sixty months. *Id.* at 1–2. With no objections to this proposal, the Bankruptcy Court confirmed the plan on December 19, 1997. *Id.* at 2.

Shortly afterward, the Kentucky Higher Education Assistance Authority assigned Haney's student-loan debt to the Educational Credit Management Corporation. *Id.* Seeking payment for the debt, Educational Credit quickly filed a proof of claim for $24,870.81 in Haney's bankruptcy case. *Id.* Haney did not object to this proof of claim, which the Bankruptcy Court allowed. *Id.* Educational Credit managed to collect nearly $12,000 before the sixty-month repayment period under Haney's bankruptcy plan ended. *Id.* With the plan's repayment period over, the Bankruptcy Court entered a standard order discharging "all debts provided for by the plan" except any debt "for a student loan . . . as specified in 11 U.S.C. § 523(a)(8)." *Id.* With nothing left to do, the Bankruptcy Court closed Haney's case. *Id.*

Seven years passed before Educational Credit resumed collecting the balance of Haney's student-loan debt. *Id.* Educational Credit began garnishing Haney's wages on July

29, 2011, prompting Haney to take swift action. *Id.* Within one week, Haney moved to re-open her bankruptcy case so she could file an adversary proceeding against Educational Credit. *Id.* Haney believed that the 2003 discharge order had eliminated her student-loan debt and that Educational Credit's collection efforts violated that order. *Id.* The Bankruptcy Court granted Haney's motion to re-open her case. *Id.*

Haney subsequently filed a two-count complaint against Educational Credit. Compl., *Adversary Proceeding*, R. 1. She sought (1) a determination that her student-loan debt had been discharged because Educational Credit had appeared in the bankruptcy proceeding but failed to object to the discharge order, and (2) attorney's fees and sanctions for Educational Credit's violation. *Id.* ¶¶ 14–20. Educational Credit moved to dismiss her complaint for failure to state a claim for relief, arguing that the student-loan debt was not discharged. *Adversary Proceeding*, R. 5.

In Haney's response, she alleged for the first time that the language of the discharge order did, in fact, eliminate her debt to Educational Credit under the pre-1998 version of 11 U.S.C. § 523(a)(8). *See Adversary Proceeding*, R. 15 at 3. Beginning in 1991, § 523(a)(8) allowed for the discharge of education loans that had been in repayment for at least seven years. *See* 3 William L. Norton, Jr. Bankruptcy Law & Practice § 57:52 (3d ed. 2012). But Congress repealed that provision in October 1998, making student loans non-dischargeable unless the Bankruptcy Court finds that the debt would create an "undue hardship." *Id.* Haney argued that her discharge order's "generic language" meant to refer to the pre-1998 version of the statute, thus discharging her student-loan debt because it had been in repayment for more than seven years. *See Adversary Proceeding*, R. 15 at 3. According to Haney, this discharge of her student-loan debt was binding on the Bankruptcy Court. *See*

3

*Adversary Proceeding*, R. 15 at 3.

The Bankruptcy Court, though, did not feel shackled by Haney's interpretation of the discharge order. On November 30, 2011, the Bankruptcy Court granted the motion to dismiss. *Adversary Proceeding*, R. 16; *Adversary Proceeding*, R. 15 at 6. The Bankruptcy Court rejected Haney's new argument, holding that there were no factual allegations in the complaint to support such an argument and that, in any event, her argument was meritless. *Adversary Proceeding*, R. 15 at 4.

Haney moved for reconsideration on December 20, 2011. *Adversary Proceeding*, R. 17. In the same ink that she asked for reconsideration, Haney also moved to amend her complaint by adding allegations supporting her argument that her student-loan debt was discharged under the pre-1998 version of 11 U.S.C. § 523(a)(8). *Id.* ¶ 11–22. The Bankruptcy Court denied her motion to reconsider as untimely and denied leave to amend her complaint. *Adversary Proceeding*, R. 19.

Haney then filed a notice of appeal on January 16, 2012. *Adversary Proceeding*, R. 20. She claims the Bankruptcy Court erred when it (1) denied her motion to reconsider as untimely, (2) denied her motion to amend after dismissal, and (3) granted Educational Credit's motion to dismiss. *Haney v. Educ.l Credit Mgmt. Corp.*, No. 7:12-08-ART (E.D. Ky. Apr. 12, 2012), R. 18.

## DISCUSSION

I.     **Appeal from Denial of Haney's Motion to Reconsider**

The Bankruptcy Court correctly denied Haney's motion to reconsider as untimely. The Federal Rules of Bankruptcy Procedure "govern procedure in cases under title 11 of the United States Code." Fed. R. Bankr. P. 1001. Although the Federal Rules of Bankruptcy

4

Procedure do not contemplate a motion to reconsider, courts treat such motions as motions as motions to alter or amend judgment under Rule 9023. *See, e.g.*, *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 460 (6th Cir. 1999). Rule 9023 fully incorporates its civil counterpart, Federal Rule of Civil Procedure 59, with one difference:

> Except as provided in this rule and Rule 3008, [Federal Rule of Civil Procedure 59] applies in cases under the Code. A motion for new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

The difference is this: while Federal Rule of Civil Procedure 59 permits the court to order a new trial and allows parties to move to alter or amend a judgment within twenty-eight days of a judgment, Federal Rule of Bankruptcy Procedure 9023 allows only fourteen days to do so. *See, e.g. Khan v. Regions Bank & Wilmington Trust Co. (In re Khan)*, Adversary No. 11-3186, at *1 (Bankr. E.D. Tenn. Dec. 13, 2011); *In re Ellipso, Inc.*, No. 09-00148, 2011 WL 1100294, at *1 (Bankr. D.D.C. Mar. 23, 2011); *In re Gress*, 435 B.R. 520, 522 (Bankr. S.D. Ohio 2010).

Here, the Bankruptcy Court denied Haney's motion to reconsider as untimely because she filed it more than fourteen days after the order dismissing her claims. That decision was correct. The Bankruptcy Court dismissed Haney's claims on November 30, 2011. *Adversary Proceeding*, R. 16. Haney moved for reconsideration on December 20, 2011—more than fourteen days after the order of dismissal. *Id.*, R. 17. Her motion was therefore untimely.

Haney disputes the premise that she only had fourteen days to move for reconsideration. Appellant's Br., *Haney*, No. 7:12-08-ART, R. 20 at 2. Instead, she claims that the twenty-eight-day deadline of Federal Rule of Civil Procedure 59 applies, making her

5

motion to reconsider timely. *Id.* She reasons that Rule 9023 "does not appear to limit the 28 day" deadline of civil counterpart "except for a court's sua sponte decision to order a new trial." *Id.*, R. 20 at 2–3.

Haney's argument is frivolous. The text of Rule 9023 is clear. Rule 9023 incorporates Federal Rule of Civil Procedure 59 "[e]xcept as provided" otherwise. And Rule 9023 does provide otherwise, stating that a motion to alter or amend "shall be filed . . . no later than 14 days after entry of judgment." Haney's reasoning makes sense only if the Court rewrites Rule 9023 as follows:

> ~~A motion for new trial or to alter or amend a judgment shall be filed, and~~ [A] court may on its own order a new trial[] no later than 14 days after entry of judgment.

She cites no case law in favor of this reading, and the Court could not find any. In the end, the Bankruptcy Court's denial of Haney's motion to reconsider was correct.

## II. Appeal from Denial of Leave to Amend Haney's Complaint

The Bankruptcy Court did not abuse its discretion in denying Haney's motion to amend her complaint. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (reviewing denial of a Rule 15 motion to amend for abuse of discretion); *In re Isaacman*, 26 F.3d 629, 631 (6th Cir. 1994) ("On appeal to [the Sixth Circuit], we consider the judgment of the bankruptcy court directly, using the same standards of review as the district court."); *see also Matter of Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996) (reviewing whether the bankruptcy court abused its discretion in denying leave to amend). Federal Rule of Civil Procedure 15 governs amendments to pleadings in adversary proceedings. Fed. R. Bankr. P. 7015. That rule entitles a party to "amend its pleading once as a matter of course" before being served with a responsive pleading and instructs courts to "freely give leave [to amend]

when justice so requires" in all other cases. Fed. R. Civ. P. 15(a)(2).

When, as here, a plaintiff moves to amend after her claims are dismissed, "that is a different story." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010); *see also Vielma v. Eurek Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (holding that a trial court's discretion to allow amendments "narrows considerably after entry of judgment"). "Instead of meeting only the modest requirements of Rule 15," Haney must "meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC*, 616 F.3d at 616. As a result, "a court acts within its discretion" in denying a post-dismissal amendment based on "undue delay," including "delay resulting from a failure to incorporate previously available" information. *Id.*

Haney has not "provide[d] a compelling explanation" for amending her complaint post-dismissal. *Id.* at 617. She wanted to add an allegation that her student loans were statutorily discharged by the pre-1998 version of 11 U.S.C. § 523(a)(8) because they were more than seven years old. *Adversary Proceeding*, R. 17 ¶ 11. Haney's current counsel, Mr. Hansen, was also her counsel of record during her bankruptcy proceeding, but he had to withdraw before the discharge order was filed because he was elected as the Commonwealth Attorney of Kentucky in 2000. *See In re Haney*, No. 97-70937-TNW, R. 24; Appellant's Br., *Haney*, No. 7:12-08-ART, R. 20 at 4  Consequently, Mr. Hansen concludes, he was unable to include this allegation in Haney's original complaint because he "had to file her adversary proceeding without [certain] information readily available, such as the language of the discharge order." Appellant's Br., *Haney*, No. 7:12-08-ART, R. 20 at 4–5.

At the time of the original complaint, however, both Mr. Hansen and Haney knew how long her student-loan debt had been in repayment. *Id.* at 7. Further, Haney's 2003

7

discharge order was easily accessible from the Clerk of the Bankruptcy Court before her claims were dismissed. *See In re Haney*, No. 97-70937-TNW (Bankr. E.D. Ky. Jan. 27, 2003), R. 28. And Mr. Hansen has never explained why Haney was unable to obtain the 2003 discharge order in the four months between her motion to reopen her bankruptcy case and her motion to reconsider. *See Leisure Caviar, LLC*, 616 F.3d at 616 (holding that when considering a post-dismissal motion to amend, a court "ought to pay particular attention to 'the movant's explanation for failing to seek leave to amend prior to the entry of judgment'" (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002))). Her failure to incorporate this previously available information justifies denial of leave to amend. *See id.*

Indeed, a post-dismissal amendment in this case would have allowed Haney to "use the [Bankruptcy Court] as a sounding board to discover holes in [her] arguments, then 'reopen the case by amending [her] complaint to take account of the court's decision.'" *Id.* (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.)). The Bankruptcy Court rejected Haney's contention that her student loans were discharged under the pre-1998 version of 11 U.S.C. § 523(a)(8) because she made this allegation for the first time in her response to Educational Credit's motion to dismiss. *Adversary Proceeding*, R. 15 at 5. Only after the Bankruptcy Court pointed out this deficiency and rejected Haney's argument did Haney try to amend her complaint to fix her errors. Litigation is not, however, a game of trial-and-error, and the finality of judgments must mean something. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case. . . . Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued."). The Court therefore affirms the Bankruptcy Court's denial of leave to amend.

### III.     Appeal from Dismissal of Haney's Claims

Because Haney's motion to reconsider was untimely, the Court lacks jurisdiction over her appeal from the dismissal of her claims. A party wishing to appeal a bankruptcy court's final decision must file a notice of appeal within fourteen days of the decision. Fed. R. Bankr. P. 8002(a). If a party files one of the post-decision motions listed in Rule 8002, though, then the fourteen-day period for filing a notice of appeal is suspended until the bankruptcy court rules on the motion. Fed. R. Bankr. P. 8002(b). And those post-decision motions that pause the fourteen-day period include a motion to alter or amend a judgment under Rule 9023. Fed. R. Bankr. P. 8002(b)(2). To toll the fourteen-day period, though, that motion to alter or amend must be "timely." Fed. R. Bankr. P. 8002(b).

Because Haney's motion to reconsider was untimely, *see supra* Part I, it did not toll the fourteen-day period for filing a notice of appeal. *See, e.g.*, *Hopson v. Protein Techs. Intern.*, 19 F. App'x 336, 337 (6th Cir. 2001) (holding, in the normal civil context, that an untimely motion to alter or amend under Federal Rule of Civil Procedure 59(e) does not toll the time to appeal (citing *Browder v. Director, Dep't of Corr. of Ill.*, 434 U.S. 257, 266 (1978))). Consequently, Haney had fourteen days from November 30, 2011—the date of the Bankruptcy Court's order dismissing her claims—to appeal from that decision, giving her until December 14, 2011. She did not do so. Instead, Haney waited until January 16, 2012, to file her notice of appeal. *Adversary Proceeding*, R. 20. Her untimely notice of appeal therefore deprives the Court of jurisdiction over her appeal from the order dismissing her claims. *In re HMLM II, Inc.*, 234 B.R. 67, 73 (B.A.P. 6th Cir. 1999) (dismissing an appeal for lack of jurisdiction because the notice of appeal was not timely filed); *In re Linder*, 215 B.R. 826, 831–32 (B.A.P. 6th Cir. 1998) ("'Cases interpreting Rule 8002 hold that the rule

9

shall be strictly construed and that timely filing is a jurisdictional requirement.'" (quoting *Owens v. U.S. Bankruptcy Court (In re Owens)*, 129 F.3d 1264, 1264 (6th Cir. 1997))).

## CONCLUSION

Accordingly, the Court **AFFIRMS** the Bankruptcy Court's denial of Haney's motion to reconsider and her motion for leave to amend her complaint. *See* Appellant's Statement of Issues, *Haney*, No. 7:12-08-ART, R. 18 at 1 (Issues 1 and 2 on appeal). The Court lacks jurisdiction over Haney's appeal from the Bankruptcy Court's dismissal of her claims and therefore **DISMISSES** that part of her appeal. *See id.*, R. 18 at 1 (Issue 3 on appeal). The Clerk shall **STRIKE** this case from the Court's active docket. This is a **FINAL** and **APPEALABLE** Order, and there is no just cause for delay.

This the 27th day of August, 2012.

Signed By:
*Amul R. Thapar* AT
United States District Judge